Scott F. Chatfield, Esq. Village Attorney, Tully
You ask who determines the style of uniforms worn by village firemen and the type of equipment used by members of the village fire department; whether a fire district is eligible to participate in a county mutual aid plan and assist a village participating in the plan; on what basis assistance is provided by participants in a county mutual aid plan; whether provision of assistance may be denied; whether a fire department participating in a mutual aid plan may respond to a fire outside its jurisdiction in a village also participating in the plan and use village equipment when there has been no request for mutual aid; and whether section 10-1006 (16) of the Village Law alleviates the need to comply with the limitation that not more than thirty percent of the members of a fire company may be non-resident members.
You state that your village has not established a board of fire commissioners (Village Law, § 3-308 [1]). In villages having no fire commissioners, section 10-1014 of the Village Law establishes a council of the fire department composed of the chief, the assistant chief and the wardens of the fire companies comprising the fire department. The Council exercises certain powers of the board of fire commissioners under section 10-1000 of the Village Law and makes recommendations to the village board of trustees (trustees) concerning exercise of the remaining powers (id., § 10-1014). In your village the council has care, custody and control of all property of the fire department, subject to the approval of the trustees (id., §§ 10-1004, 10-1000 [1]). The council may recommend to the trustees the purchase of equipment and uniforms (id., §§ 10-1004, 10-1000 [2]). The council, subject to the approval of the trustees, may adopt rules and regulations governing the fire department and prescribing the duties of the members (id., §§ 10-1004, 10-1000 [6]). Under this provision, we believe that the council may regulate the dress of fire department members while on duty. We conclude that the board of trustees, on the recommendation of the council of a fire department in a village having no board of fire commissioners, determines the style of uniforms and the type of equipment to be purchased for use by members of the fire department (see 1977 Op Atty Gen [Inf] 243).
Counties may establish mutual aid fire plans (County Law, § 225-a; General Municipal Law, § 209-j). Fire departments of cities, towns and villages and fire districts and fire companies in towns serving territory outside of villages and fire districts may answer calls for assistance outside the area they regularly serve and may participate in county mutual aid plans (General Municipal Law, §§ 209 [1], 209-j). The legislative body of any county, city, town or village or the board of fire commissioners or other governing board of a fire district may restrict the provision of such outside service by its fire force (id.,
§ 209 [1]). We conclude that the village board of trustees and the governing board of a fire district may determine the extent to which their fire departments may answer calls for assistance outside the areas they regularly serve. If a village or fire district participates in a county mutual aid plan, the procedures for receiving calls for assistance and responding to such calls by participants would be those described in the plan. Section 209 (2) of the General Municipal Law includes provisions on liability for negligence arising while providing outside assistance and for payment of the costs of materials and equipment.
A call to furnish outside assistance may be made by any person aware of the need for assistance or pursuant to any properly authorized fire mutual aid plan (id., § 209 [1]). We conclude that a participant in a county mutual aid plan may provide assistance to another participant upon a call for assistance in accordance with the mutual aid plan or an authorized contractual arrangement. A participant may not unilaterally respond to a fire outside the territory it regularly serves.
A person may be elected to membership as a volunteer member of a village fire company who is a resident of the village or any territory outside the village that is afforded fire protection by the village fire department or any village fire company (Village Law, § 10-1006
[3]). A member who plans to move may continue as a member of the fire company and a person who cannot meet the residence requirements of section 10-1006 (3) may be elected to membership as a volunteer member of a village fire company if by reason of his residence in the vicinity or his usual occupation he will be available to render active service as a volunteer fireman in the village or in territory outside the village that is rendered fire protection by the village fire department or a village fire company (id., § 10-1006 [5], [6]). The total number of members continued under section 10-1006 (5) and elected under section 10-1006 (6) may not exceed thirty percent of the total membership of a fire company (id., § 10-1006 [7]).
You ask whether section 10-1006 (16) alleviates the need to comply with the thirty percent limitation. Section 10-1006 (16) validates, legalizes and confirms a person as a member of a fire company who became or was continued as a member under section 10-1006 (3), (5) or (6) "notwithstanding that there may have been some legal defect" in the proceedings undertaken to achieve membership. This provision is applicable to people who were recognized as members at particular times and who rendered active service with the fire company (id., § 10-1006 [16] [1]). Section 10-1006 (16) of the Village Law does not affect the limitation under section 10-1006 (7) that not more than thirty percent of the members of a fire company may be non-residents of the village or area served by the fire department or a fire company.